UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

CIVIL ACTION NO. 08-CV-78-HRW

TERRY LEMORE McCARRELL                                              PETITIONER

VS:                    **MEMORANDUM OPINION AND ORDER**

E.K. CAULEY, *Warden*                                               RESPONDENT

Terry Lemore McCarrell is incarcerated in the Federal Correctional Institution located in Ashland, Kentucky ("FCI-Ashland"). McCarrell has submitted a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. McCarrell has paid the $5.00 filing fee.

This matter is before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, *1 (6th Cir. 2002). As McCarrell is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).

During screening, the allegations in the petition are taken as true and are liberally construed in favor of the pro se litigant. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). Under 28 U.S.C. § 1915(e)(2), if a district court determines that the petition fails to establish adequate grounds for relief, it may dismiss the petition or make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

TRIAL COURT PROCEEDINGS

On August, 21, 2007, McCarrell pled guilty to conspiracy to utter counterfeit

securities in the United States District Court for the District of South Carolina, Greenville Division. *See United States of America v. Terry Lemore McCarrell*, 6:07-710-HMH (Hon. Henry M. Herlong, presiding) ("the Trial Court"). On December 13, 2007, McCarrell was sentenced to 15 months' imprisonment [Trial Court Record, Docket Entry No. 344]. McCarrell did not appeal his conviction and sentence.

On May 8, 2008, McCarrell filed a motion to vacate his sentence under 28 U.S.C. § 2255 in the Trial Court. In his § 2255 motion, McCarrell alleged that the Bureau of Prisons ("BOP") had erroneously failed to credit his federal sentence with time spent in state custody from July 20, 2007, to December 19, 2007. McCarrell alleged that the BOP's refusal to award him with the requested credit for prior time spent in custody is a denial of due process of law under the Fifth Amendment of the United States Constitution.

On May 28, 2008, the Trial Court entered an Order recharacterizing McCarrell's submission as petitioner for writ of habeas corpus under 28 U.S.C. § 2241 [*See* Order of Transfer, Record No. 2]. The Trial Court concluded that to the extent that McCarrell alleged that he had been denied credit for time spent in custody, he was essentially challenging the execution of his sentence.

The Trial Court further noted that according to federal statute and case law, prisoners who challenge the execution of their sentences must be bring such challenges in the district where they are confined [*Id*]. Because McCarrell is confined in FCI-Ashland, a federal prison located in this district, the Trial Court transferred his action to this Court for further

disposition.

## ALLEGATIONS OF THE PETITION

As the Trial Court noted in the May 28, 2008 Order transferring this action here, McCarrell contends that the BOP should credit his federal sentence with prior custody credit. Specifically, he seeks credit on his current federal sentence for the time he spent in the custody of the Spartanburg County Sheriff's Office between July 20, 2007 and December 19, 2007.

The Counselor and Unit Manager at FCI-Ashland state that McCarrell had been arrested on state charges (Grand Larceny) [*See* this action, Record No. 2-3]. They state that those charges lead to McCarrell's arrest on July 20, 2007 [*Id.*]. They further explain that on December 19, 2007, McCarrell was sentenced to 3 years, suspended to Time Served with credit of 154 days [*Id.*]. Finally, they contend that on that same date (December 19, 2007) McCarrell was released from his state sentence to the primary custody of the BOP, and he began serving his federal sentence on that date [*Id.*].

It appears from McCarrell's construed § 2241 petition [Record No. 2], that he filed a BP-8 "Informal Resolution Attempt" with FCI-Ashland staff at some point in April of 2008 [Record No. 2-3]. On April 16, 2008, McCarrell's Counselor denied his request to credit his federal sentence with time spent in state custody between July 20, 2007 and December 19, 2007 [*Id.*]. The Unit Manager concurred with the Counselor on that same date [*Id.*].

The Counselor and the Unit Manager denied the request based on the provisions of the federal statute which controls prior custody credit, 18 U.S.C. § 3585(b).[1] They concluded that based on the statute, McCarrell would not be entitled to credit for the same amount of time on his federal sentence because he had already been given credit on his state sentence for this five-month period of time [*Id*].

In his construed § 2241 petition, McCarrell advances several arguments as to why he should receive credit on his federal sentence for this five-month period. He argues that because his state sentence was suspended, he did not in fact receive the 150 days' of credit and that it would be illusory to argue that his *state* sentence was credited with the time served between July 20, 2007 and December 19, 2007 [*See* Record No. 2-2, p. 4]. Additionally, McCarrell contends that when the Trial Court sentenced him on December 13, 2007, it directed his federal sentence to be credited with the time he had served in state custody between July 20, 2007 and December 19, 2007 [*Id.*].[2]

---

[1] Title 18 U.S.C. § 3583(b) states as follows:

"A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences -
    (1) as a result of the offense for which the sentence was imposed; or
    (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; *that has not been credited against another sentence*." (Emphasis Added).

[2] There is, however, no notation in the Trial Court docket sheet [at Entry No. 344] that verifies McCarrell's claim. Nothing in the docket sheet summary of the terms of the Judgment and Sentence imposed on December 13, 2007 indicates that Judge Herlong directed that McCarrell's federal sentence was to be credited with time spent in prior state custody.

DISCUSSION

McCarrell provides no documentation in his submission [Record No. 2] that he followed the three remaining steps of the BOP's administrative remedy process set forth in 28 C.F.R. § 542. 10-19. He gives no indication that he pursued his claims with: (1) the Warden of FCI-Ashland (via a BP-9 "Request for Administrative Remedy"); (2) the Mid-Atlantic Regional Director (via a BP-10 Appeal); and (3) the BOP Central Office ( via a BP-11 Appeal).

The administrative remedies available to inmates confined in BOP institutions are set out in the Administrative Remedy Program, found at 28 C.F.R. §§ 542.10-.19. Section 542.13(a) demands that an inmate first informally present his complaint to the staff, thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may file a formal written request (a BP-9 form) to the Warden. *See* § 542.14(a). If the inmate is not satisfied with the Warden's response, he may appeal (BP-10) to the Regional Director, and, if not satisfied with the Regional Director's response, the inmate may appeal (BP-11) to the Office of General Counsel. *See* § 542.15 (a) - (b).

Federal courts require inmates seeking habeas corpus relief to exhaust their administrative remedies before filing a petition under 28 U.S.C. § 2241. *Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991); *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981); *Hardwick v. Ault*, 517 F.2d

295, 296 (5th Cir. 1975) ("[T]he federal courts have imposed upon federal prisoners the requirement that they 'exhaust their administrative remedies in accordance with Bureau of Prisons policy...'").

The exhaustion requirement is designed to ensure not only that the agency be given the opportunity to review its conclusions short of litigation, but also that the district court be provided a complete record upon which to review the agency's final action. *See Brice v. Day*, 604 F.2d 664 (10th Cir.), *cert. denied*, 444 U.S. 1086 (1980).

The instant record reveals that McCarrell has filed this action prematurely, before the administrative remedy process could run its full course. The Court will therefore dismiss the instant § 2241 petition without prejudice to Petitioner McCarrell filing another petition after the Warden, the Mid-Atlantic Regional Office and the BOP Central Office have evaluated his claims and issued a written response on the merits.[3]

## CONCLUSION

---

[3]

Petitioner McCarrell should consider that even assuming that he completes the process and files a new § 2241 petition, he most likely would not obtain the result that he wishes. The settled case law is that the Attorney General, through the BOP, is authorized to grant a prisoner credit for pre-sentence detention. 18 U.S.C. § 3585(b); *United States v. Wilson*, 503 U.S. 329, 333-35 (1992); *United States v. Westmoreland*, 974 F.2d 736, 737 (6th Cir. 1992), *cert. denied*, 113 S. Ct. 1818 (1993).

Generally, where a prisoner has received credit toward a state sentence for the time period in question, he may not receive credit for this time toward his federal sentence. *See* 18 U.S.C. §3585(b); *United States v. Wilson*, 503 U.S. at 337; *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir.1993); *Garrett v. Snyder*, 41 Fed. Appx 756, **1 (6th Cir. (Ky.) June 25, 2002) (Not Selected for Publication in the Federal Reporter). Additionally, time spent in the custody of the United States Marshal pursuant to a federal writ of *habeas corpus ad prosequendum* from state custody does not qualify as federal custody in connection with the federal offense. *Huffman v. Perez*, 230 F.3d 1358, 2000 WL 1478368 (6th Cir. (Ky.)) (Table, unpublished); *See also Broadwater v. Sanders*, 59 Fed. Appx. 112, 113-14, 2003 WL 463481, **1 (6th Cir. (Ky.) February 20, 2003) (not selected for publication in the Federal Reporter).

The Court being sufficiently advised, it is **ORDERED** as follows:

(1) Petitioner Terry Lemore McCarrell's petition for a writ of habeas corpus [Record No. 2] is **DENIED.**

(2) This action is **DISMISSED WITHOUT PREJUDICE**, *sua sponte,* from the Court's active docket and

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion

and Order in favor of the named respondent.

This July 25, 2008.

Signed By:
Henry R Wilhoit Jr.
United States District Judge